# CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

**MEMO ENDORSED:**

**The Plaintiff is directed to respond to Defendants' request for a conference regarding (1) a contemplated motion to strike the Wang Declaration and seek sanctions against Plaintiff, and (2) a stay of Defendants' motion to dismiss reply deadline pending a decision on the motion to strike, by December 18, 2025.**

December 12, 2025

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge
Dated: December 15, 2025
New York, NY

<u>VIA ECF</u>

The Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

Re:  *Advanced Analytics, Inc. v. Citigroup Inc., et al.*, Case No. 20-cv-7034
(PGG)

Dear Judge Gardephe:

We represent Defendant Citigroup Inc. ("<u>Citi</u>") in the above-referenced action ("<u>AAI II</u>") brought by Advanced Analytics, Inc. ("<u>Plaintiff</u>") against Citi, London Stock Exchange Group plc., FTSE International, Ltd, and Frank Russell Company (the "<u>LSEG Defendants</u>" and with Citi, the "<u>Defendants</u>").[1]

As Your Honor knows, on October 22, 2025, Defendants moved to dismiss the operative complaint in this Action. After requesting and receiving an extension of its time to respond, Plaintiff opposed those motions on December 3, 2025. In support of its opposition, Plaintiff attached a 139-page declaration of its principal, Xiaolu Wang (Ex. A hereto, the "<u>Wang Declaration</u>"), purporting to "assist[] the Court's understanding of the factual record." Wang Decl. ¶ 3. We write jointly with counsel for the LSEG Defendants to (1) request a pre-motion conference for Defendants' contemplated motion to strike the Wang Declaration, and for sanctions in connection with the improper filing, and (2) request that the Court stay the deadline for Defendants' replies in support of their motions to dismiss pending adjudication of the motion.[2]

---

[1]      Capitalized terms not defined herein have the meaning ascribed in Defendants' July 14, 2025 letter. *See* Letter, Dkt. No. 59 (the "<u>July 14 Letter</u>").

[2]      Pursuant to Section IV(A) of Your Honor's *Individual Rules of Practice for Civil Cases* and out of an abundance of caution, Defendants file this pre-motion letter because Defendants expect to seek sanctions against

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the locations listed above.

The Hon. Paul G. Gardephe, p. 2

This is Defendants' second request for an extension of any deadline in this action. Defendants sought Plaintiff's position on December 10, indicating their intention to file today, December 12. Although Plaintiff confirmed it was considering the request, it has not responded as of the date of this letter.

## I.    The Wang Declaration Is Improper And Should Be Stricken

In support of its oppositions to Defendants' motions to dismiss, Plaintiff submitted the Wang Declaration, a 139-page document purporting to "demonstrate that the claims currently asserted arise from a different 'common nucleus of operative facts' than those actually adjudicated in 2004, thus rendering *res judicata* inapplicable" and "provide a verified preview of the extensive factual allegations that would be contained in a prospective [further amended complaint]."[3]  Wang Decl. ¶¶ 3–4.  Because the Wang Declaration is both an impermissible supplemental brief and factual declaration (including to the extent it is intended to "preview" a proposed second amended complaint), Defendants respectfully request that the Court strike the declaration.

*First*, the Wang Declaration should be stricken as an impermissible supplemental brief. This Court has "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *NRDC v. FDA*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012).  The Wang Declaration is a blatant attempt to circumvent the twenty-five-page limit on memoranda of law set forth in Rule IV(B) of Your Honor's *Individual Rules of Practice for Civil Cases*.

Defendants provide below just a few of the numerous examples of the improper legal argument that permeates the Wang Declaration:

- Wang Decl. ¶ 7:  arguing that "Defendants' MTD's do not set forth the necessary background to the court orders they rely upon—orders that were themselves the product of Defendants' manipulation."

- *Id.* ¶ 105:  arguing that "Defendants mischaracterized Plaintiff's claims as Defendants' **False** Claim and misled the Court to mistakenly believe that Plaintiff's allegation is that one of 'Defendants' sequences' misappropriated ACE."

- *Id.* ¶ 226:  arguing that "2019 R&R totally ignored all of Plaintiff's claims, supporting evidence, statements of events, physical evidence of Theft of ACE, Theft Code, and Use Code, Verbatim Use Claim and Derivative Use Claims."

- *Id.* ¶ 243:  arguing that "Defendants further misrepresented to the Court approximately fourteen (14) times, that Radak Code *are* The Yield Book production code files [and]

---

Plaintiff for the reasons stated herein, in addition to a request for an adjustment to Your Honor's October 1, 2025 scheduling order. *See* Scheduling Order, Dkt. No. 63.

[3]    In addition to its brief in opposition and the Wang Declaration, Plaintiff also served the Declaration of Kevin K. Tung, which attached at least 2,600 pages of exhibits.  As of the date of this filing, more than a week after the deadline for the opposition, Plaintiff has yet to serve Defendants with three of the 33 exhibits.

The Hon. Paul G. Gardephe, p. 3

> intentionally misled the Court to believe that Fan's finding that none of Defendants' RCS code files are compilable was due to lack of "modification," rather than Defendants' withholding of files."[4]

Courts faced with a "brief-in-declaration's-clothing" routinely disregard or strike the offending filing. *See Hollander v. Am. Cyanamid Co.*, 999 F. Supp. 252, 256 (D. Conn. 1998), *aff'd*, 172 F.3d 192 (2d Cir. 1999) (striking affidavit where "Plaintiff's affidavit more resembles an adversarial memorandum than a bona fide affidavit" and noting that the affidavit was akin to an "attempt to reiterate [Plaintiff's] legal and philosophical position"); *see also Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd.*, 2007 WL 316573, at *8 (E.D.N.Y. Jan. 30, 2007) ("affidavits containing conclusory allegations and legal arguments are subject to being struck" (citations omitted)); *Clark v. Kitt*, 2014 WL 4054284, at *7 (S.D.N.Y. Aug. 15, 2014) (declining to consider declaration submitted in opposition to motion to dismiss, noting that "[t]o the extent it contains legal argument, [the court] will not allow counsel to bypass the page limits on memoranda of law by submitting additional argument in the form of a sworn declaration"), *aff'd*, 619 F. App'x 34 (2d Cir. 2015); *D.P. v. N.Y.C. Dep't of Educ.*, 2022 WL 103536, at *1 (S.D.N.Y. Jan. 10, 2022) (same), *aff'd*, 71 F.4th 120 (2d Cir. 2023). Accordingly, the Wang Declaration should be stricken.

*Second*, even if the Court were inclined to view the Wang Declaration as a factual declaration (which Defendants submit it decidedly is not), the "facts" it contains stray far from the AC. Again, to cite only a handful of examples:

- Wang Decl. ¶ 206: asserting that "[o]nly in March 2025, when compelled by Plaintiff's Appeal Brief in CA2, did Defendants finally admit that throughout the entire 2004 Action, their so-called 'Yield Book sequences' were *defined as* the *sequences generated by the Yield Book Monte Carlo code* . . . ,";

- *Id.* ¶ 453: asserting that "[t]he Kessler Declaration of September 26, 2025 ('Kessler Decl.'), submitted in support of Defendants' fee application, contains extensive omissions of contemporaneous records, tasks, and work descriptions corresponding to the periods and events most directly implicating Defendants' and Collins's conspiracy and fraud."

- *Id.* ¶ 454: asserting that "[a]ll entries relating to the June 18, 2013 hearing before Magistrate Judge Pitman, where Collins secretly withdrew Plaintiff's fully-briefed Rule 37(b) sanctions motion in collusion with Defendants, are missing."

- *Id.* at p. 128: asserting that "[t]he admissions in 2024 by Defendants Citigroup and Head of Analytics Research at London Stock Exchange Group that ACE Use Code is 'currently in use.'"[5]

On a Rule 12(b)(6) motion, the Court must confine itself to the "four corners of the complaint," and can consider extrinsic materials only if judicial notice is proper or if those

---

[4]   *See also e.g.*, *id.* ¶¶ 4, 6, 88, 190, 198, 216, 295–98, 306–07, 326, 328, 342–43, 346, 352–53, 356–57, 460.

[5]   *See also id.* ¶¶ 9, 85, 337, 340, 358, 367–70, 381–84, 387–90, 416, 432–53, 455–57, 459–65.

The Hon. Paul G. Gardephe, p. 4

materials are "deemed part of the pleadings" because they were "(1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). The extraneous factual assertions contained in the Wang Declaration do not fall into any of these categories. AAI is simply seeking to "shore up [its] deficient complaint through [an] extrinsic document[]" containing additional allegations. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–24 (S.D.N.Y. 2010) (declining to consider affidavit and exhibits submitted by plaintiffs in opposition to motion to dismiss); *see also Holland v. JPMorgan Chase Bank, N.A.,* 2019 WL 4054834, at *5 (S.D.N.Y. Aug. 28, 2019) (declining to consider plaintiff's declaration in opposition to motion to dismiss because it set forth new factual allegations). Thus, striking the Wang Declaration is the appropriate remedy. *See Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763–64 (S.D.N.Y. 2019) (granting motion to strike exhibits submitted in support of motion to dismiss briefing that were not necessary to court's consideration of motion).[6]

## II.      Defendants Are Entitled to Sanctions to Reimburse Them for the Expense of Moving to Strike

Defendants also intend to seek sanctions for Plaintiff's improper submission of the Wang Declaration in the form of the expenses, including attorneys' fees, incurred in connection with the motion to strike. Sanctions are appropriate where, as here, a party or its counsel "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Courts may sanction litigants for making improper filings, such as the Wang Declaration. *See, e.g.*, *Balestriere Fariello v. Gimlet Media, Inc.*, 2025 WL 2925061, at n.6 (2d Cir. Oct. 15, 2025) (affirming award of sanctions against party who made frivolous filings).

Defendants appreciate that sanctions are a remedial tool not employed lightly. However, this is far from the first time that Plaintiff has forced Defendants and the court to incur unnecessary time and expense addressing or otherwise responding to Plaintiff's facially impermissible filings since the filing of the initial complaint in 2004. *See, e.g., AAI I*, 301 F.R.D. 31, 44 (S.D.N.Y. 2014) (finding award of sanctions "especially appropriate in light of the fact that AAI attempted to re-incorporate the Fan Reply, despite my Order that it be stricken and Judge Swain's affirmance of that Order. Plaintiff's duplicitous behavior and unjustified submission of the Fourth Fan Decl. served only to delay resolution in a case that has been ongoing for nearly a decade, and was 'wasteful of the time of the Court and opposing counsel.'"), *objections overruled*, 301 F.R.D. 47 (S.D.N.Y. 2014); Op. & Order at 6, *AAI I*, Dkt. No. 339 (S.D.N.Y. Sept. 4, 2019) ("Defendants are largely correct in their contention that plaintiff is improperly seeking to reargue matters that were previously decided adversely to plaintiff."); Mem. Order, *AAI I*, 2022 WL 2529281, at *4 (S.D.N.Y. July 7, 2022) ("To the extent [Plaintiff's] Motion for Judicial Notice seeks to bolster the arguments made in [its] Reconsideration Motion, the Court disregards it as an unauthorized surreply."). Sanctions are

---

[6]      To the extent Plaintiff claims the Wang Declaration is intended to serve as a coming attraction for a forthcoming request to further amend the AC, that would be equally improper. *Yuwono v. Jade Eatery & Lounge LLC*, 2025 WL 2793725, at *10 (S.D.N.Y. Sept. 30, 2025) (Gardephe, J.) ("Allegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, because an opposition brief does not amend a complaint."); *see also O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

The Hon. Paul G. Gardephe, p. 5

therefore appropriate, lest Plaintiff seek to employ the same tactics here. *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (sanctions may be imposed "to deter abuse of the judicial process"). In light of Plaintiff's repeated, flagrant disregard of the applicable rules, Defendants respectfully request that the Court award them the fees and costs incurred in preparing the forthcoming motion.

### III.    Defendants Request That Briefing On The Motion to Dismiss Be Stayed Pending The Forthcoming Motion to Strike And Tolled During the Court's Consideration of this Letter-Motion and Any Response

In less egregious circumstances, Defendants might opt to address an offending declaration as part of their response to the merits of an opposition brief. However, given the breadth of the Wang Declaration—more than 475 paragraphs spanning 139 pages—and the ten-page limit imposed on reply briefs, Defendants submit that it would promote efficiency for the Court first to decide the motion to strike, and to defer the filing of any reply brief until such a determination is made. The Court has discretion to enter a stay in the interest of efficiently managing its docket. *See, e.g., CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*, 2022 WL 355759, at *7 (S.D.N.Y. Feb. 4, 2022) (Gardephe, J.).

For a similar reason, Defendants submit that it would be appropriate to toll the deadline for the filing of reply briefs in further support of the Motions to Dismiss until such time as the Court has made a determination as to the staging of a motion to strike relative to the ongoing briefing on the Motions to Dismiss. As of the date of this letter, there are eleven days until the deadline to file reply briefs. Accordingly, if the Court were to provide guidance on how to treat the Wang Declaration, but stop short of setting a briefing schedule on the requested motion to strike, Defendants would propose that the reply brief filing deadline be extended to eleven days following the Court's provision of that guidance.

\* \* \*

For all the reasons set out herein, and those to be detailed in forthcoming briefing on the schedule set by the Court, Defendants submit that the Wang Declaration should be stricken and that Defendants are entitled to sanctions for the improper filing.

Respectfully submitted,

/s/ David Livshiz
David Livshiz
Nathan Hembree
Aaron Pultman
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, New York 10007
T: 212-277-4000
F: 212-277-4001

/s/ Thomas S. Kessler
Christopher P. Moore
Jennifer Kennedy Park
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

cc:  All counsel of record (via ECF)