# FRESHFIELDS

December 12, 2025

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**David Livshiz**
**T**  +1 (212) 277-4000
**T**  +1 (212) 284-4979 (direct)
**E**  david.livshiz@freshfields.com

**freshfields.us**

VIA ECF

The Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

Re:  *Advanced Analytics, Inc. v. Citigroup Inc., et al.*, Case No. 20-cv-7034 (PGG)

Dear Judge Gardephe:

We represent Defendants London Stock Exchange Group plc., FTSE International, Ltd, and Frank Russell Company ("LSEG Defendants") in the above-referenced action ("*AAI II*") brought by Advanced Analytics, Inc. ("Plaintiff") against Citi and the LSEG Defendants (collectively, the "Defendants"). We write pursuant to your Honor's Individual Rule of Practice II(B) to request leave to file a redacted copy of the Declaration of Xiaolu Wang, PhD (the "Wang Declaration"), which is attached as Exhibit A to the Defendants' pre-motion letter that will outline the basis for the Defendant's proposed motion to strike the Wang Declaration.

On December 3, 2025, Plaintiff, in support of its opposition to Defendants' motions to dismiss the operative complaint in this Action, sent the Wang Declaration to Defendants pursuant to your Honor's Individual Rule of Practice IV(C). The 139-page declaration incorporates extensive information Plaintiff obtained through discovery in the related proceeding, *Advanced Analytics, Inc. v. Citigroup Global Markets Inc.*, 04-cv-3531 (LTS) (SLC) ("*AAI I*") pursuant to a confidentiality order governing discovery in that action.  *See AAI I* ECF No. 25.  The information in question was designated as confidential pursuant to that confidentiality order in *AAI I* because it contained proprietary software code and other competitively sensitive business information.

In particular, the software code for products and platforms relevant in this case was routinely recognized as confidential information appropriate for sealing in *AAI I*. *See, e.g.*, Order (Mar. 2, 2006), *AAI I* ECF No. 30 (denying AAI's request to strike "Highly Confidential" designation with respect to certain code); Order (Sept. 25, 2012), *AAI I* ECF No. 174 (denying AAI's request to strike "Highly Confidential" designation with respect to information concerning sequences and sequence development and testing). The Wang Declaration heavily relies on, incorporates, or references significant portions of this proprietary computer code, which remains subject to the confidentially order in *AAI I* and remains commercially sensitive.

Sealing that material is unquestionably warranted. It is well established that the Court may issue an order that "a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Indeed, courts routinely "grant confidential treatment under circumstances where trade secrets and

**FRESHFIELDS**

material that would place party at a competitive disadvantage are being used in public filings." *New York v. Actavis, PLC*, No. 14-cv-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). And computer software or codes have long been recognized as trade secrets. *See Fabkom, Inc. v. R. W. Smith & Assocs., Inc.*, No. 95-cv-4552, 1996 WL 531873, at *6 (S.D.N.Y. Sept. 19, 1996) ("Both the underlying source code, and the architecture of a computer program, may qualify as trade secrets."); *Q-Co. Indus., Inc. v. Hoffman*, 625 F.Supp. 608, 617 (S.D.N.Y. 1985) ("Computer software, or programs, are clearly protect[a]ble under the rubric of trade secrets.").

Because the unredacted version of the Wang Declaration contains confidential information, including non-public, proprietary computer code, the disclosure of which would cause harm to the LSEG Defendants, we respectfully request that the Court allow the Defendants to file a redacted version of the Wang Declaration.

Respectfully submitted,

*/s/ David Y. Livshiz*

David Y. Livshiz

cc:    All counsel of record (via ECF)

**MEMO ENDORSED:**

The Plaintiff is directed to respond to Defendants' request to file a redacted version of the Wang Declaration by December 22, 2025.

SO ORDERED.

Paul G. Gardephe
United States District Judge

Dated: December 15, 2025
New York, NY