**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

ADVANCED ANALYTICS, INC.,

           Plaintiff,

           v.

CITIGROUP INC.,

LONDON STOCK EXCHANGE
GROUP PLC.

FTSE INTERNATIONAL, LTD
and

FRANK RUSSELL COMPANY

           Defendants

---

20 Civ. 0734 (PGG)

MEMO ENDORSED

*The application is denied to the extent it is directed at the "Fee Judgment" entered by Chief Judge Swain. Any application related to the "Fee Judgment" must be directed to Judge Swain. To the extent this application seeks a preliminary injunction concerning Plaintiff's ACE VsE Code, Defendants will respond to the application by April 2, 2026. Any reply is due by April 6, 2026*

**SO ORDERED:**

_____
Paul G. Gardephe, U.S.D.J.

Dated: *March 26, 2026*

**PLAINTIFF'S NOTICE OF EMERGENCY MOTION**

**FOR PRELIMINARY INJUNCTION**

---

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, the Declaration of Dr. Xiaolu Wang dated March 23, 2026 ("Wang Decl.") and the exhibits attached thereto (Exhibits A-D), the Fourth Declaration of Professor Jianqing Fan ("Fan Decl."), the Motion Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) filed on March 13, 2026 in *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, No. 04 Civ. 3531 (LTS) (SLC) (the "2004 Action"), the pleadings and prior proceedings in this action and in the 2004 Action, and all other materials submitted herewith, Plaintiff Advanced Analytics, Inc. ("AAI" or "Plaintiff") will move this Court before the Honorable Paul G. Gardephe, United States District Judge, at the United States Courthouse,

40 Foley Square, Room 2204, New York, New York 10007, on an emergency basis for a preliminary injunction pursuant to

1. **Federal Rule of Civil Procedure 65**;

2. **The Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(3)(A)**, to enjoin actual and threatened misappropriation and foreign dissemination of trade secrets;

3. **The All Writs Act, 28 U.S.C. § 1651**, to preserve this Court's jurisdiction; and

4. **The Court's inherent equitable power**.

Plaintiff respectfully requests that this Court, pending final resolution of this action:

1. Issue a preliminary injunction (the "Stay Injunction") enjoining Defendants Citigroup Inc., London Stock Exchange Group PLC, FTSE International, Ltd., and Frank Russell Company, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from taking any action to enforce, execute upon, or collect the February 13, 2026 Fee Judgment (ECF 541) entered in the 2004 Action;

2. Issue a preliminary injunction (the "ACE Use Injunction") enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from using, accessing, or benefiting from the ACE sequences, in whole or in part, through the operation of the ACE Use Code or any other means, and from using, operating, or maintaining the ACE Use Code in any Yield Book product, system, or service;

3. Order that no execution shall issue on the February 13, 2026 Fee Judgment and that all proceedings to enforce the judgment be stayed pending resolution of this action;

4. Set an expedited briefing schedule for this motion, with Defendants' opposition due within 7 days of service and Plaintiff's reply due within 3 days thereafter;

5. Waive any requirement for security under Rule 65(c) pursuant to Section 11 of the parties' Mutual Non-Disclosure Agreement, which expressly provides that the Disclosing Party is entitled to injunctive relief "without the posting of any bond or security"; and

6. Grant such other and further relief as the Court deems just and proper.

This motion is supported by the following documents:

- Memorandum of Law in Support of Plaintiff's Emergency Motion for Preliminary Injunction;

- Declaration of Dr. Xiaolu Wang, dated March 23, 2026, with Exhibits A-D;

- Fourth Declaration of Professor Jianqing Fan (previously filed in the 2004 Action);

- Plaintiff's Motion Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), filed March 13, 2026 in the 2004 Action (ECF Nos. 542, 544), including all supporting papers and exhibits;

- Plaintiff's Proposed Verified Second Amended Complaint, filed February 20, 2026 (ECF No. 108-1);

- The docket and record in *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, No. 04 Civ. 3531 (LTS) (SLC);

- The docket and record in this action; and

- Proposed Orders as follows:

  o [Proposed] Order Granting Plaintiff's Emergency Motion for Preliminary Injunction;

  o [Proposed] Order Setting Expedited Briefing Schedule.

## CERTIFICATION OF EMERGENCY

Pursuant to Federal Rule of Civil Procedure 65(b) and Individual Practice Rule A(2)(b)(ii), I, Chris Z. Liu, counsel for Plaintiff Advanced Analytics, Inc., certify as follows:

1. On February 13, 2026, the Honorable Laura Taylor Swain entered a Fee Judgment (ECF 541) in the 2004 Action, awarding Defendants millions of dollars in attorneys' fees and costs.

2. On March 13, 2026, Plaintiff filed a motion in the 2004 Action under Rules 59(e) and 60(b) and seeking to vacate that judgment on the grounds that it was procured through fraud, including the three-level fraud alleged in this action.

3. On March 17, 2026, Defendants' counsel, Thomas S. Kessler, sent a letter to me (with a copy to James Goodnow, Esq., CEO & President of Fennemore Craig, who is *not* counsel of

record in this matter) threatening to seek Rule 11 sanctions against me, Fennemore Craig

P.C. and  Plaintiff if the Rule 59(e)/60(b) motion was not withdrawn. The letter was sent to

intimidate harass and to increase Plaintiff's litigation costs.

4.  On March 19, 2026, I responded on behalf of Plaintiff and Fennemore Craig P.C., rejecting

the threat and explaining that the Rule 11 does not apply to Plaintiff and its counsel's filings

but would squarely apply to Defendants briefs, that the 3/17/2026 letter presented no valid

basis to oppose the Rule 59(e)/60(b) motion. I further stated that Plaintiff could not consent

to Defendants' proposal to delay briefing while they sought enforcement, but would consider

an agreement to hold enforcement in abeyance pending resolution of the 2020 Action. The

response was copied to Mr. Goodnow and to Tim Berg, Esq., General Counsel of Fennemore

Craig, P.C..

5.  On March 20, 2026, Defendants filed a letter with Chief Judge Swain in the 2004 Action,

requesting that the Court "summarily" deny the Rule 59(e)/60(b) motion "without further

briefing," without considering its substance, or in the alternative that briefing be delayed for

30 days "to accommodate a Rule 11 safe-harbor period," that my 3/19/2026 letter had

already rejected, and that the Court impose an anti-filing injunction against Plaintiff.

Defendants did not attach the March 17 and March 19 letters to that filing, and they did not

address the substance of Plaintiff's motion.

6.  On March 23, 2026 and on March 24, 2026, we tried numerous times to log into the PACER

ECF system to file this Emergency Motion for Preliminary Injunction we have diligently

prepared, but were unsuccessful. The PACER system seems to be down. Although we had

success log into PACER in the evening of March 24, 2026, the PACER rejected all of

attempts to file the Emergency Preliminary Injunction papers, which attach the

FRCP59(e)/60(b) Motion downloaded from ECF, despite of our best efforts lasting to 2 am March 25, 2026.

7. If Defendants are permitted to enforce the February 13, 2026 Fee Judgment before this Court can adjudicate Plaintiff's claims, because Plaintiff has been deprived off rightful income by Defendants misappropriation and fraud, it will be rendered insolvent and unable to prosecute this action. The judgment amount far exceeds Plaintiff's available resources, and execution would force Plaintiff to cease operations and abandon this litigation, effectively depriving this Court of its jurisdiction.

8. There is imminent risk that Defendants will seek to execute on the judgment. Defendants have already engaged in a pattern of using fee awards to coerce Plaintiff to abandon its claims. Wang Decl. ¶ 116. On March 15, 2026—while the automatic stay under Rule 62(a) was still in effect—Defendants made repeated discovery demands for the fee judgment. 3/19/26 Letter at 3 (attached as Exhibit A to the Motion). In a March 17, 2026 letter (Ex. B to the Motion), Defendants threatened to seek sanctions against Plaintiff and its new counsel unless Plaintiff withdrew its Rule 59(e)/60(b) motion, employing a pattern of intimidation. On March 20, 2026, Defendants filed a letter with Chief Judge Swain (Ex. C) asking for summary denial of the motion and for an anti-filing injunction and bond requirement— failing to attach the March 17 and March 19 letters because the March 19 letter had already neutralized their arguments.

Immediate relief is necessary to preserve the status quo and to prevent irreparable harm to Plaintiff. On March 17, 2026, counsel for Plaintiff has conferred with Defendants' counsel regarding the relief sought and Defendants oppose the relief.