UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.,

Plaintiff,

-against-

CITIGROUP, INC., LONDON STOCK EXCHANGE GROUP PLC, and FTSE INTERNATIONAL LTD,

Defendants,

**ORDER**

20 Civ. 7034 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

In this action, Plaintiff Advanced Analytics, Inc. alleges that Defendants Citigroup, Inc., FTSE International Ltd. and Frank Russell Co. (together, the "Frank Russell Entities"), and the London Stock Exchange Group Plc. (with the Frank Russell Entities, the "London Stock Exchange Defendants") misappropriated Plaintiff's software product "ACE," which "consist[s] of revolutionary and complicated mathematical sequences, capable of pricing esoteric financial fixed income instruments." (Amended Cmplt. (Dkt. No. 21) ¶¶ 11-13) The Amended Complaint pleads claims for (1) violation of the Federal Defend Trade Secrets Act; (2) misappropriation of trade secrets under New York law; and (3) conspiracy, fraud, and unjust enrichment under New York law. (Id. ¶¶ 224-84)

On October 22, 2025, Defendants moved to dismiss. (See Citigroup MTD (Dkt. No. 78); London Stock Exchange Defs. MTD (Dkt. No. 84)) Consistent with this Court's Individual Rules, Defendants electronically filed their motion and reply papers on December 23, 2025, when their motions to dismiss were fully briefed. (See Citigroup Br. (Dkt. No. 79); Citigroup Reply Br. (Dkt. No. 82); London Stock Exchange Defs. Br. (Dkt. No. 85); London

Stock Exchange Defs. Reply Br. (Dkt. No. 88)) Plaintiff did not electronically file its opposition papers until December 29, 2025, however – 26 days after the deadline for serving opposition papers and six days after the electronic filing deadline for all motion papers pursuant to this Court's "bundling rule." (See Pltf. Opp. to Citigroup MTD (Dkt. No. 89); Pltf. Opp. to London Stock Exchange Defs. MTD (Dkt. No. 90)) In connection with its opposition to Defendants' motions to dismiss, Plaintiff also electronically filed a 139-page declaration from its principal, Xiaolu Wang. (Wang Decl. (Dkt. No. 91) at 1 (cleaned up))

Defendants have moved to strike (1) Plaintiff's December 29, 2025 opposition to the London Stock Exchange Defendants' motion to dismiss (Dec. 30, 2019 Conference Tr. (Dkt. No. 109) at 42-43); and (2) the Wang Declaration. (Dec. 12, 2025 Def. Jt. Ltr. (Dkt. No. 71) at 2-4)

Plaintiff has moved for leave to file a second amended complaint. (Feb. 20, 2026 Pltf. Ltr. (Dkt. No. 108))

For the reasons stated below, Defendants' motion to strike will be granted, and Plaintiff's motion for leave to file a second amended complaint will be denied.

## BACKGROUND

The Complaint was filed on August 28, 2020; names as Defendants Citigroup, the Frank Russell Entities, and the London Stock Exchange Group, Plc.; and asserts claims for violation of the Federal Defend Trade Secrets Act as against all Defendants; misappropriation of trade secrets under New York law as against all Defendants; and conspiracy, fraud and unjust enrichment under New York law, as against Citigroup. (Cmplt. (Dkt. No. 1) ¶¶ 20-75) The Amended Complaint was filed on November 30, 2020, and asserts the same claims as against the same Defendants. (Amended Cmplt. (Dkt. No. 21) ¶¶ 224-84)

On August 31, 2020, Plaintiff filed a related case affirmation, stating that the instant action arises from "related claims of misappropriation of Plaintiff's trade secrets and other claims" that Plaintiff asserted in 2004 in Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 04 Civ. 3531 (LTS) (SLC) (hereinafter, "Advanced Analytics I"). (See Related Case Aff. (Dkt. No. 3))

On January 21, 2021, this Court stayed the instant action "pending the final resolution of [certain dispositive] matters in Advanced Analytics I." (Jan. 12, 2021 Order (Dkt. No. 34))

On September 30, 2021, Chief Judge Swain issued an order in Advanced Analytics I "conclud[ing] that Defendants are entitled to summary judgment on each of Plaintiff's claims, except as to Plaintiff's breach of contract claim." Advanced Analytics I, No. 04 Civ. 3531 (LTS) (Dkt. No. 461 at 14-15), 2021 WL 4478621 at *7 (S.D.N.Y. Sept. 30, 2021). On November 4, 2021, Judge Swain directed the Clerk of Court to "(1) enter judgment in Plaintiff's favor on its breach of contract claim (to the extent that claim is based on Teytel's limited use of the outputs of Defendants' testing of ACE) and . . . award Plaintiff damages on that claim in the nominal amount of $1, (2) enter judgment in favor of Defendants as to the remainder of Plaintiff's claims and as to Defendants' counterclaim for fees and costs under the parties' Non Disclosure Agreement, and (3) close the case." Id., Nov. 4, 2021 Order (Dkt. No. 464 at 6).

On August 6, 2022, Plaintiff filed a notice of appeal concerning the judgment entered in Advanced Analytics I. See id., Notice of Appeal (Dkt. No. 501).

In a September 1, 2022 order, this Court extended "Defendants' time to answer or otherwise respond to the Amended Complaint [in the instant case] . . . to fourteen days after

issuance of the mandate from the Second Circuit" resolving the appeal in Advanced Analytics I. (Sept. 1, 2022 Order (Dkt. No. 53))

In a May 13, 2025 summary order, the Second Circuit "affirm[ed] the grant of summary judgment" in Advanced Analytics I, finding that "AAI has identified no admissible evidence that raises a genuine issue of material fact." Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 22-1718-CV, 2025 WL 1375392, at *3 (2d Cir. May 13, 2025).

In a July 14, 2025 letter, Defendants notified this Court that the Second Circuit had issued the mandate in Advanced Analytics I. (July 14, 2025 Def. Ltr. (Dkt. No. 59)) In their letter, Defendants also sought leave to move to dismiss the Amended Complaint. (Id.))

In an October 1, 2025 order, this Court (1) lifted the stay in this case; (2) granted Defendants leave to move to dismiss the Amended Complaint; and (3) set a briefing schedule for Defendants' motions to dismiss.[1] (Oct. 1, 2025 Order (Dkt. No. 63))

In a December 12, 2025 submission, Defendants jointly moved to strike the Wang Declaration – a 139-page document that Plaintiff filed in support of its opposition to Defendants' motions to dismiss.[2] (Dec. 12, 2025 Def. Ltr. (Dkt. No. 71) at 1–2) This Court directed Plaintiff to respond to Defendants' application to strike by December 18, 2025. (See Dec. 15, 2025 Order (Dkt. No. 73))

---

[1] The October 1, 2025 order provides that moving papers are due on October 22, 2025; opposition papers are due on November 12, 2025; and replies are due on November 19, 2025. (Oct. 1, 2025 Order (Dkt. No. 63)) At the parties' request, the deadline for serving opposition papers was extended to December 3, 2025 (see Nov. 10, 2025 Order (Dkt. No. 67)) and the deadline for serving reply papers was adjourned to December 23, 2025. (See Nov. 13, 2025 Order (Dkt. No. 69))

[2] Although Defendants' joint letter "request[s] a pre-motion conference" to discuss "Defendants' contemplated motion to strike the Wang Declaration" (Dec. 12, 2025 Def. Jt. Ltr. (Dkt. No. 71) at 1-2), the Court treated the letter as a motion to strike, given the straightforward nature of the application. See Karakus v. Wells Fargo Bank, N.A., No. 09-CV-4739 ENV SMG, 2013 WL 3187055, *1 n.1 (E.D.N.Y. June 20, 2013).

On December 18, 2025, Plaintiff's counsel – Kevin Tung – moved to withdraw. (Dec. 18, 2025 Tung Ltr. (Dkt. No. 75)) In a December 19, 2025 order, this Court directed Plaintiff and its counsel to appear for a December 30, 2025 conference to discuss Tung's motion to withdraw. (December 19, 2025 Order (Dkt. No. 76))

On December 23, 2025, Defendants electronically filed their motion papers. (See Citigroup MTD (Dkt. No. 78); London Stock Exchange MTD (Dkt. No. 84)) On December 29, 2025 – 26 days after the deadline for serving opposition papers and six days after the electronic filing deadline for all motion papers, Plaintiff electronically filed its opposition papers, including the Wang Declaration (Dkt. No. 91). (See Dkt. Nos. 88-92)

At the December 30, 2025 conference, this Court granted Mr. Tung's motion to withdraw and stayed the case for 60 days to permit Plaintiff to retain new counsel. (Dec. 30, 2025 Conference Tr. (Dkt. No. 109) at 41; see also Dec. 30, 2025 Order (Dkt. No. 94)) At the December 30, 2025 conference, the London Stock Exchange Defendants complained that the opposition brief Plaintiff had electronically filed on December 29, 2025 differed from the opposition brief that Plaintiff had served on the London Stock Exchange Defendants on December 3, 2025. (Dec. 30, 2025 Conference Tr. (Dkt. No. 109) at 42-43) Given the change in counsel, the Court did not address this complaint at the December 30, 2025 conference. (Id.)

On February 13, 2026, Chris Liu entered a notice of appearance on Plaintiff's behalf, and this Court lifted the stay. (See Feb. 13, 2026 Order (Dkt. No. 103))

In a February 20, 2026 letter, Plaintiff moved for leave to file a second amended complaint. (Feb. 20, 2026 Pltf. Ltr. (Dkt. No. 108))

In a February 20, 2026 order, this Court directed Plaintiff to "make a submission [by February 27, 2026] stating whether Plaintiff consents" to Defendants' request that

1. the opposition briefs docketed by Plaintiff on December 29, 2025 (Dkt. Nos. 89, 90) be stricken;

2. the opposition briefs that Plaintiff served on Defendants on December 3, 2025 be docketed by Plaintiff;

3. the Wang Declaration (Dkt. No. 91) be stricken; and

4. portions of the Wang Declaration containing information "designated as confidential pursuant to [a] confidentiality order" issued in Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. 04 Civ. 3531 (LTS)(SLC), be sealed. (Dec. 12, 2025 London Exchange Defs. Ltr. (Dkt. No. 70) at 1; see also 04 Civ. 3531, Dkt. No. 25 (Confidentiality Order).

(Feb. 20, 2026 Order (Dkt. No. 111) at 1) The February 20, 2026 order also states that, "[i]n the event Plaintiff does not consent to the requested relief, it will set forth a good faith, non-frivolous explanation for its position." (Id. at 1-2)

In three letters dated February 27 and 28, 2026, Plaintiff opposes all of Defendants' requests for relief referenced in this Court's February 20, 2026 order. (See Feb. 27, 2026 Pltf. Ltr. (Dkt. No. 112); Feb. 28, 2026 Pltf. Ltr. (Dkt. No. 114); Feb. 28, 2026 Pltf. Ltr. (Dkt. No. 115))

## DISCUSSION

### I. MOTION TO STRIKE PLAINTIFF'S DECEMBER 29, 2025 OPPOSITION TO THE LONDON STOCK EXCHANGE DEFENDANTS' MOTION TO DISMISS

Plaintiff admits in its February 28, 2026 letter that the December 29, 2025 opposition brief electronically filed with the court "differs" from the brief served on Defendants on December 3, 2025. (Feb. 28, 2026 Pltf. Ltr. (Dkt. No. 114) at 2) According to Plaintiff, the December 29, 2025 version of its opposition to the London Stock Exchange Defendants' motion to dismiss cites different case law and different statutes, expands on certain arguments, and reflects certain formatting changes. (See id. at 3)

Suffice it to say that a party cannot serve a brief on an adversary and then file a different brief with the court. See United States v. Carton, No. 17 CR 680 (CM), 2018 WL 4360781, at *2 (S.D.N.Y. Sept. 6, 2018) (noting that a party "cannot respond to a brief that they have never seen"). Here, the London Stock Exchange Defendants filed a reply to the December 3, 2025 opposition that had been served on them, and then on December 29, 2025, Plaintiff filed with the court a brief that differed from what had been served. The Court will consider the brief that Plaintiff served on December 3, 2025, and not the untimely brief that Plaintiff filed on December 29, 2025.

Accordingly, the London Stock Exchange Defendants' motion to strike Plaintiff's December 29, 2025 opposition to their motion to dismiss (Dkt. No. 90) will be granted, and Plaintiff is directed to docket the version of its opposition that it served on the London Stock Exchange Defendants on December 3, 2025.

## II. MOTION TO STRIKE THE WANG DECLARATION

On December 3, 2026, in connection with its opposition to Defendants' motions to dismiss, Plaintiff submitted the 139-page declaration of Xiaolu Wang. (Wang Decl. (Dkt. No. 91)) "Plaintiff Advanced Analytics, Inc. . . . was founded by and is controlled by Dr. Xiaolu Wang." (Amended Cmplt. (Dkt. No. 21) ¶ 1) The Wang declaration purports to provide "factual averments . . . to supplement the record to ensure the Court's full awareness of all relevant facts," "demonstrate the extensive factual foundation for Plaintiff's claims," and set forth "the substance of" a potential second amended complaint. (Wang Decl. (Dkt. No. 91) ¶ 2; see also Ltr. Mo. for Leave to File Verified Amended Cmplt. (Dkt. No. 108))

Defendants have moved to strike the Wang declaration, arguing that it "is both an impermissible supplemental brief and factual declaration" that amounts to "a blatant attempt to

circumvent the twenty-five-page limit on memoranda of law set forth in Rule IV(B) of [this Court's] Individual Rules." (Dec. 12, 2025 Def. Jt. Ltr. (Dkt. No. 71) at 2)

On a motion to dismiss, courts "limit [their] consideration to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005) (citing Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996)); see also Newman & Schwartz, 102 F.3d at 662 (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").

Because the Court cannot – on a motion to dismiss – consider the "additional facts" set forth in the Wang declaration, Defendants' motion to strike will be granted. The London Stock Exchange Defendants' request to seal the Wang Declaration (Dec. 12, 2025 London Stock Exchange Ltr. (Dkt. No. 70)) will be denied as moot, given that the Wang declaration will be stricken from the record.

## III. MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

In its February 28, 2026 letter, Plaintiff asks this Court not to address Defendants' motion to dismiss the Amended Complaint, and instead grant Plaintiff leave to file a second amended complaint. (Feb. 28, 2026 Pltf. Ltr. (Dkt. No. 114) at 2; see also Feb. 20, 2026 Ltr. (Dkt. No. 108) (seeking leave to file a "verified amended complaint")) Citing Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303 (2d Cir. 2020), Plaintiff contends that this Court is "empower[ed] . . . to moot the pending [motions to dismiss] by allowing the filing of the Second Amended Complaint," and that "[t]his procedural path is not merely a preference but a

necessity." (Feb. 28, 2026 Pltf. Ltr. (Dkt. No. 114) at 4). Defendants oppose the motion. (Feb. 20, 2026 Tr. (Dkt. No. 133) at 112-13).

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id.

Here, Defendants moved to dismiss the Amended Complaint on October 22, 2025. (See Citigroup MTD (Dkt. No. 78) at 2; London Stock Exchange Def. MTD (Dkt. No. 84) at 2) Accordingly, Plaintiff had notice of the perceived defects in the Amended Complaint for five months before seeking leave to amend on February 20, 2026. (See Feb. 26, 2026 Pltf. Ltr. (Dkt. No. 108)) Under these circumstances, this Court will not moot the long-pending motions to dismiss the Amended Complaint.

Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299 (2d Cir. 2020) is not to the contrary. In Pettaway, the Second Circuit considered an amended complaint that had been timely filed as a matter of right. Pettaway, 955 F.3d at 303. The Second Circuit states that – in such circumstances – district courts have "the option of either denying **the** pending [motion to dismiss] as moot or evaluating the motion in light of the facts alleged in the amended complaint.'" (Id. at 303-04)). However, where – as here – a plaintiff cannot amend as of right, and must seek leave to amend, "Pettaway is inapposite and does not require that [the court] accept [the] [p]laintiff's untimely amendment, nor does it require [the court] to deem [the] [d]efendants' motion moot. . . ." Boyer Works USA, LLC v. Rubik's Brand Ltd., No. 21 CIV.

7468 (AKH), 2022 WL 355398, at *2 (S.D.N.Y. Feb. 7, 2022) (concluding that "Pettaway **also** is distinguishable" from a case where plaintiff must seek leave to amend because "the primary issue on appeal was whether a district court is required to deem a pending motion to dismiss moot after an amended complaint is filed as of right" (emphasis in original)).

Accordingly, Plaintiff's motion for leave to file a second amended complaint will be denied. In the event that this Court grants the pending motions to dismiss the Amended Complaint, Plaintiff may seek leave to amend again, in the event that it has a non-frivolous basis for doing so.

## CONCLUSION

For the reasons stated above, Plaintiff's February 20, 2026 motion for leave to file a second amended complaint (Dkt. No. 108) is denied. Defendants' motion to strike the Wang declaration (Dkt. No. 71) is granted, and the London Stock Exchange Defendants' motion to seal the Wang declaration (Dkt. No. 70) is denied as moot. The London Stock Exchange Defendants' application to strike Plaintiff's opposition to the London Stock Exchange Defendants' motion to dismiss (see Dec. 30, 2025 Tr. (Dkt. No. 109) at 42-43) is granted. The Clerk of Court is directed to strike Dkt. Nos. 90 and 91 but retain the summary docket text for the record. Plaintiff will docket the opposition brief that it served on the London Stock Exchange Defendants on December 3, 2025 by **October 2, 2026**.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 70, 71, 72, 108, 112, 114, and 115.

Dated: New York, New York
September 28, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge